## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

GERARDO MATUTE-SANTOS,         :

                            :     Civ. No. 12-7778 (RMB)

              Petitioner,    :

                            :

     v.                       :     **OPINION**

                            :

JORDAN R. HOLLINGSWORTH,    :

                            :

            Respondent.    :

_____ :

### RENÉE MARIE BUMB, U.S.D.J.

### I.     INTRODUCTION

Petitioner is a federal inmate confined at FCI Fort Dix in New Jersey.  He has filed a

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner was seized while on

board a vessel and found to be in violation of the Maritime Drug Law Enforcement Act,

("MDLEA") 46 U.S.C. § 70501, *et seq.*  Petitioner pled guilty in the United States District Court

for the Middle District of Florida to one count of knowingly and willfully conspiring to possess

with intent to distribute five kilograms or more of a substance containing a detectable amount of

cocaine and one count of knowingly and willfully possessing with intent to distribute five

kilograms or more of a mixture and substance containing a detectable amount of cocaine.

---

[1] Section 2241 states in relevant part:

    (a)  Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the
          district courts and any circuit judge within their respective jurisdictions.
    (c)  The writ of habeas corpus shall not extend to a prisoner unless –
          (1) He is in custody under or by color of the authority of the United States  or is
          committed for trial before some court thereof, or
          (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an
          order, process, judgment or decree of a court or judge of the United States, or
          (3) He is in custody in violation of the Constitution or laws or treaties of the United
          States.

Petitioner was sentenced on December 17, 2004 to 168 months imprisonment.[2]  For the following reasons, the court will summarily dismiss the petition for lack of jurisdiction.

## II.     BACKGROUND

In April 2004, the United States Coast Guard seized petitioner on board a vessel eighty (80) miles from the Panama coast.  Petitioner was prosecuted under the MDLEA.  He pled guilty and was sentenced in December 2004.  In March 2006, the United States Court of Appeals for the Eleventh Circuit affirmed.  *See United States v. Matute-Santos*, 168 Fed. Appx. 343 (11th Cir. 2006) (per curiam).  Thereafter, in April 2006, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the Middle District of Florida.  That court denied petitioner's § 2255 motion in June 2006.  *See Matute-Santos v. United States*, Civ. No. 06-793, 2006 WL 1679122 (M.D. Fla. June 14, 2006).

Petitioner filed the instant habeas petition in this Court in December 2012.  He argues that the Middle District of Florida lacked jurisdiction to impose a sentence and that the actions for which he was convicted are no longer criminal.  Petitioner relies on the United States Court of Appeals for the Eleventh Circuit decision in *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012) to support his arguments.  Petitioner contends that cannot raise these issues in a § 2255 motion and is therefore seeking relief in this Court pursuant to § 2241.

## III.     DISCUSSION

A. <u>Standard for Sua Sponte Dismissal</u>

---

[2] The court takes judicial notice of the docket in petitioner's criminal proceeding in the Middle District of Florida, 04-cr-246.  *See Manna v. Schultz*, Civ. No. 09-1185, 2009 WL 3415161, at *1 n. 2 (D.N.J. Oct. 20, 2009) (taking judicial notice of dockets of other federal cases related to habeas petition); *see also Jones v. Glover*, Civ. No. 09-3806, 2010 WL 398904, at *1 n. 2 (D.N.J. Jan. 27, 2010) (same); *but see Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers.  *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]"  *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

Additionally, as petitioner has previously unsuccessfully sought relief pursuant to a § 2255 motion, "[b]efore a second or successive [§ 2255] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A); *see also* 28 U.S.C. § 2255(h).

B.  <u>Jurisdiction</u>

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).  This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  *See* 28 U.S.C. § 2255(e).  Section 2255(e) states that:

>An application for a writ of habeas corpus in behalf of a prisoner
>who is authorized to apply for relief by motion pursuant to this
>section, shall not be entertained if it appears that the applicant has
>failed to apply for relief, by motion, to the court which sentenced
>him, or that such a court has denied him relief, unless it also
>appears that the remedy by the motion is inadequate or ineffective
>to test the legality of his detention.

28 U.S.C. § 2255(e).  A section 2255 motion is "inadequate or ineffective" which permits a

petitioner to resort to a section 2241 petition "only where the petitioner demonstrates that some

limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and

adjudication of his wrongful [sentence] claim."  *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538

(3d Cir. 2002) (per curiam) (citations omitted).  "It is the inefficacy of the remedy, not the

personal inability to use it, that is determinative."  *Id.* (citation omitted).  "The provision exists to

ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to

evade procedural requirements."  *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d

Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate

or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255

motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that

an intervening change in substantive law may negate."  119 F.3d at 251.  Nevertheless, the Third

Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or

ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of

§ 2255.  *See id.*  The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to

apply in situations where the prisoner has had no prior opportunity to challenge his conviction

for a crime later deemed to be non-criminal by an intervening change in the law.  *See Okereke*,

307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

4

Petitioner claims that he is imprisoned for conduct that the Eleventh Circuit has deemed non-criminal.  In *Bellaizac-Hurtado*, 700 F.3d 1245, the Eleventh Circuit vacated defendants' convictions under the MDLEA on direct appeal on the ground that Congress lacked power under the Offences Clause to proscribe drug trafficking in the *territorial* waters of another nation.[3]  *See* 700 F.3d at 1258 (emphasis added).

The holding in *Bellaizac-Hurtado* does not apply in petitioner's case and will not be considered an intervening change in law making petitioner's crimes non-criminal.  Petitioner admits in his petition that he was seized eighty miles from the Panamanian coast.  The United States only recognizes a territorial sea of twelve (12) nautical miles.  *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 441 n. 8 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles."); *see also United States v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003) ("The United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts.") (citations omitted).  Accordingly, as petitioner was eighty miles out to sea, he was seized in international waters, not in the territorial waters of another country as were the defendants in *Bellaizac-Hurtado*.

Section 2255 is not an inadequate or ineffective remedy for petitioner's claim.  He fails to show that he falls within the "safety valve" which would give this Court jurisdiction over his petition.  Indeed, several courts have dismissed habeas petitions where petitioners have relied on *Bellaizac-Hurtado*, but were apprehended in international waters, as opposed to territorial waters.  *See Castillo v. Hollingsworth*, Civ. No. 12-7831, 2013 WL 1288196, at *3 (D.N.J. Mar.

---

[3] The United States had argued that the MDLEA, as applied to defendants who were drug trafficking in the territorial waters of another nation, is a constitutional exercise of the power granted to Congress "'[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations.'"  *Bellaizac-Hurtado*, 700 F.3d at 1248 (quoting U.S. CONST. art. I, § 8, cl. 10).

26, 2013) (dismissing § 2241 petition where petitioner was apprehended fifty miles off of the coast of Panama because § 2255 is not an inadequate or ineffective remedy for petitioner's claim) (citing *Ortiz-Dominguez v. Hollingsworth*, Civ. No. 13-0025, 2013 WL 163284 (D.N.J. Jan. 11, 2013) (dismissing § 2241 petition raising *Bellaizac-Hurtado* claim where vessel was 34 miles off coast of Guatemala); *Paredes v. Hollingsorth*, Civ. No. 13-0531, 2013 WL 435969 (D.N.J. Feb. 4, 2013) (160 miles off coast of Columbia); *Pandales v. Hollingsworth*, Civ. No. 13-0841, 2013 WL 618204 (D.N.J. Feb. 19, 2013) (80 miles off coast of Guatemala)).

In this case, petitioner does not allege facts which bring his petition within the *Dorsainvil* exception. Instead, it appears as if petitioner is seeking to avoid the gatekeeping requirements of § 2255 which limit when a petitioner can file a second or successive motion.[4] As petitioner has failed to obtain certification from the Court of Appeals to proceed in this action, the Court lacks jurisdiction to consider his § 2241 motion. It would also not be interest of justice to transfer this petition as petitioner has previously unsuccessfully filed a § 2255 motion in the Middle District of Florida and has not received permission to file a second or successive § 2255 motion.

## IV.    CONCLUSION

For the reasons stated above, the Court lacks jurisdiction over the petition and it will be summarily dismissed. An appropriate order will be entered.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: May 29, 2013

---

[4] Indeed, Section 2255(h) provides that a second or successive § 2255 motion must be certified to contain either: (1) newly discovered evidence, that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.